IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| JUMANNE O. COLEMAN | § | |
| VS. | § | CIVIL ACTION NO. 9:22cv176 |
| DIRECTOR, TDCJ-CID | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Jumanne O. Coleman, an inmate confined within the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed what has been construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge, for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Petitioner is challenging a criminal conviction in Nacogdoches County, Texas. He states he entered pleas of guilty to the offenses with which he was charged. The website operated by the Texas Department of Criminal Justice states that on May 4, 2022, petitioner was convicted of evading arrest and unlawfully possessing a firearm after having been convicted of a felony.

As a prerequisite to obtaining relief under 28 U.S.C. § 2254, a prisoner must first exhaust available state remedies. 28 U.S.C. § 2254(b). A prisoner has not exhausted available state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). To comply with the exhaustion requirement, a petitioner must fairly present his claim to the appropriate state court before filing a petition in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004). In Texas, all claims must be presented to, and ruled on by, the Texas Court of Criminal Appeals. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985). Claims may be presented to the Court of Criminal Appeals during the direct appeal

process or in a collateral attack brought pursuant to Article 11.07 of the Texas Code of Criminal Procedure. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

Petitioner does not state he filed a direct appeal. Nor does he state he filed a state application for writ of habeas corpus. As petitioner does not assert he has presented his claims to the Texas Court Criminal Appeals, his petition should be dismissed without prejudice for failure to exhaust state court remedies.

## Recommendation

This petition for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

SIGNED this 31st day of March, 2023.

_____
Zack Hawthorn
United States Magistrate Judge